MODESTA CONCEPCIÓN COSME, ETC., Plaintiff and Appellee, *v.* DEMETRIO LATONI PECUNIA, Defendant and Appellant.

No. 8470. Argued December 22, 1941.—Decided January 13, 1942.

*Dubón & Ochoteco* for appellant. *A. Casanova Prats* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

In deciding a former appeal in this same case, *Concepción* v. *Latoni,* 51 P.R.R. 547, this court, in the part of its judgment which awarded relief, said:

"For the reasons stated in the foregoing opinion the judgment appealed from, rendered by the District Court of San Juan on October 11, 1934 is hereby modified so as to set aside that part thereof that dismisses the claim of the plaintiffs for the amount of the rents received by the defendant and those which plaintiffs might have received, and the case is remanded to the court below with directions to reopen it for the production of evidence with regard to the claim for rents; to compel the defendant to render an account of the rents actually received by him from the date of the filing of the complaint and during all the time of his possession, and to give an opportunity to the plaintiffs to present the evidence that may be pertinent to show the value of the fruits that might have been received and were not received due to the fault, carelessness, or negligence of the defendant; and as so modified, the judgment appealed from is affirmed."

The lower court proceeded to hear the evidence concerning the claim of the plaintiff for rents and rendered an amended judgment on June 25, 1941, notice of which was served on the defendant and copy of such notice filed with the record on the 27th of the same month and year.

On July 3, 1941, the defendant, Demetrio Latoni Pecunia, filed a motion to reconsider the judgment and the lower court, without setting the same for hearing, denied it in all its parts two months and five days afterwards, that is, on September 8, 1941. On October 1, 1941, or ninety-five days after the service of notice of the amended judgment, the defendant filed the notice of his appeal to this court.

Based on the foregoing facts, which appear from a certificate issued by the clerk of the court below, the plaintiff

and appellee has moved to dismiss the appeal on the ground that the notice thereof had been filed after the expiration of the statutory period. A day having been set for the proper hearing, the parties were heard on December 22, 1941.

 Section 292 of the Code of Civil Procedure, as amended by Act No. 67, approved May 8, 1937, provides as follows:

"Section 292.—A judgment or order in a civil action, except when expressly made definite and final, may be reviewed as prescribed in this Code, and not otherwise.

"Any party aggrieved by a judgment or resolution of a district court in a civil action may, within the unextendible term of fifteen (15) days from the date of the filing in the case of a copy of the notification of the judgment, or within the unextendible term of five (5) days from the date of the filing in the case of a copy of the notification that judgment has been rendered, file in the court where the judgment or resolution was rendered, an ex-parte petition for the review or reconsideration of its judgment or resolution, stating therein the facts and the fundamentals of law on which the application is based. The court shall decide the motion for reconsideration within five (5) days after it is filed, and if the court rejects the petition outright, the term for appealing from the judgment or resolution whose review is applied for shall be computed in the manner provided in this Code, as if no petition for review or reconsideration had been presented. If the court decides to reconsider its judgment or resolution, or to hear the parties on the motion for reconsideration, the term for appealing shall be computed from the date of the filing, as part of the record of the case, of a copy of the notification made by the secretary of the court to the party against whom the final decision of the court was rendered."

Construing the above section in *Las Monjas* v. *Insular Racing Com.*, 52 P.R.R. 432, 435, 436, this court speaking through Mr. Chief Justice Del Toro said:

". . . The amendment, however,—which is the law—is so drafted that when a motion for reconsideration is merely overruled, it does not suspend the time to appeal. In order that it may so suspend the time, the court must have decided to reconsider its judgment or resolution, or to hear the parties on the motion. That was not this case. When the court does not decide a motion within the 5 days,

what the party ought to do is to appeal within the statutory period notwithstanding the pendency of the motion for reconsideration, so that he may not lose his right.

"This is a case involving a written statute, and since the conduct of the party cannot be excused on the sole ground of ignorance of the law, we find ourselves obliged to hold that this Court is without jurisdiction for the reason that the appeal was taken out of time. Appellee's motion must therefore be granted, and the appeal dismissed."

The case at bar is fully covered by the above holding. The lower court failed to pass upon the motion to reconsider within the five days, nor did it hear the parties. The defendant should have appealed within thirty days from the rendition of the judgment irrespective of the pendency of the motion for reconsideration. The determination of the motion by the lower court more than two months after its filing could not operate to extend the period of thirty days for the defendant to appeal. As held in *Las Monjas* v. *Insular Racing Com., supra,* it is a case of *lex scripta* and this court is without jurisdiction, the appeal having been filed after the expiration of the statutory period.

In a supplemental memorandum, the appellant cites the case of *Pérez* v. *District Court,* 54 P.R.R. 780, 781, and maintains that the doctrine applicable herein is not that laid down in *Las Monjas* v. *Insular Racing Com., supra,* but the one in *Pérez* v. *District Court, supra.*

The main controversy in the latter case was as to the intrinsic nature of the "motion to annul the judgment" filed in the municipal court. This court held that, notwithstanding its title, said motion was really a motion to reconsider the judgment, and as the same had been entertained—since a hearing was held and the parties were heard—and was not definitely denied, the filing thereof had interrupted the term for taking an appeal. It appears from the text of the opinion delivered by Mr. Justice Travieso that the motion was argued before the municipal court; for, on page 781, this court said:

"This motion was argued by the parties before the municipal court and was dismissed on October 5, 1938. On the 14th of the same month the defendants appealed to the District Court of San Juan."

In other words, the municipal court heard the parties on the motion, the case, therefore, being covered by the rule laid down in *Las Monjas Racing Corp.* v. *Ins. Racing Com., supra,* where it was held that "in order that it may suspend the time (for taking an appeal) the court must have decided to reconsider its judgment or resolution, *or to hear the parties on the motion."* (Italics and parentheses supplied.) This was not so in the case at bar. Here the court did not deem it necessary to hear the parties, but simply overruled the motion for reconsideration. The fact that the lower court failed to use, when passing upon the motion, the phrase "motion denied," and briefly stated its grounds therefor, does not mean that it failed to deny it. If it had entertained it, as was said in the *Pérez* case, *supra,* it would have heard the parties or sustained it without hearing the parties. The decision in *Pérez* v. *District Court, supra,* did not alter at all the doctrine laid down in *Las Monjas etc.* v. *Racing Com., supra,* but rather confirmed the same in every respect, and we think that the application of such doctrine to the case at bar makes it imperative to dismiss the appeal.

Therefore, the motion is sustained and the appeal dismissed.